## FRANKS v. UNITED STATES.

### No. 13462.

Circuit Court of Appeals, Eighth Circuit.

Dec. 22, 1947.

John L. Sullivan, of St. Louis, Mo. (Lynn Meyer and Roberts P. Elam, both of St. Louis, Mo., on the brief), for appellant.

David M. Robinson, Asst. U. S. Atty., of St. Louis, Mo. (Drake Watson, U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The appellant (who will be referred to as "defendant") was charged, by an information filed by the United States Attorney for the Eastern District of Missouri, with twenty-one separate violations of the provisions of General Ration Order No. 5 (8 F.R. 2195), General Ration Order No. 8 (8 F.R. 3783), and the Second War Powers Act, as amended, Act of March 27, 1942, c. 199, Title III, § 301, 56 Stat. 177, 50 U.S.C.A.Appendix, § 633. Simply stated, the defendant was charged with having wilfully filed with the St. Louis Rationing Board of the Office of Price Administration, on twenty-one different occasions, applications for ration allotments, in behalf of certain restaurant owners, in which he made false statements regarding the number of persons served and the dollar volume of business done at their restaurants. The wilful filing of such an application containing statements known to be false constituted a misdemeanor.

The issues raised by the defendant's plea of not guilty were tried to a jury. The jury found the defendant guilty of the offenses charged in Counts One and Two of the information, and not guilty as to all other counts submitted. The defendant has appealed from the judgment and sentence entered on the verdict. He asserts (1) that there was no adequate evidentiary basis for the verdict, and (2) that the District Court erred in admitting in evidence carbon copies of two letters.

It must be remembered that, upon review of a judgment of conviction, the

reviewing court is required to take that view of the evidence which is most favorable to the government, and to give to it the benefit of all inferences which reasonably may be drawn from the evidence. It must also be remembered that in order to make a case for the jury, the government is not required to establish the guilt of a defendant to a mathematical certainty or beyond the possibility of a doubt. See Affronti v. United States, 8 Cir., 145 F.2d 3, 5, 6.

Count One of the information charged the defendant with making false statements in an application for a ration allotment filed with the Rationing Board on July 3, 1945, in behalf of Charles C. Wirtel and Sophia Wirtel, doing business as the W and W Cafeteria in St. Louis, Missouri. Count Two charged the defendant with making false statements in a similar application in behalf of the same applicants, filed on November 8, 1945.

The defendant contends that there was no substantial evidence (1) that he prepared the applications, (2) that they were filed with the Rationing Board, (3) that he filed the applications, (4) that the figures as to dollar volume and number of persons served as shown in the applications were false, or (5) that if such figures were false, the defendant had knowledge of their falsity.

The record shows that the defendant was the Secretary of the St. Louis Restaurant Association, a service organization for the proprietors of restaurants; that he was also a member of the St. Louis Rationing Board until about March 15, 1945; that, as Secretary of the Association, he assisted in making out forms of applications for ration allotments for members of the Association; that the printed forms called for a statement of "Number of Persons Served Food" during the preceding allotment period (the previous two months) and a statement of "Gross dollar revenue for Food Services" during the same period; that the rationing allotment given by the Ration Board was based entirely upon the statements in the application as to the number of persons served and the dollar volume of sales during the preceding two months, and that if either of these figures was too large, the applicant would receive a larger allotment than that to which he was entitled.

The government's evidence tended to prove that the defendant made it a practice, in connection with the applications which he prepared or assisted in preparing for members of the Association, to overstate the number of persons served and the dollar volume of food sales during the previous two months. It appears that the information contained in the applications was inconsistent with the sales tax returns made by the applicants to the State of Missouri. This inconsistency resulted in an investigation by the Office of Price Administration and the filing of charges against the defendant.

The jury was justified in inferring that the applications referred to in Counts One and Two, for ration allotments for Charles C. and Sophia Wirtel, doing business as the W and W Cafeteria, were prepared and filed with the Rationing Board by the appellant. Charles Wirtel testified that the defendant handled all his applications for ration allotments for the restaurant; that he (Wirtel) signed the application forms, but that they were not filled out as to the number of persons served or as to the dollar volume of business at the time he delivered them to the defendant; that the applications for the ration allotments for July and August, 1945 (Count One), and for November and December, 1945 (Count Two), bore his signature; that he afterwards saw these applications at the "O.P.A. office" and placed his initials on each of them.

The jury was also justified in inferring that the statements in the applications, at least with respect to the dollar volume of business, were false. Wirtel testified positively that he gave to the defendant no statement as to the dollar volume of business done, and told the defendant that he could get that from his (Wirtel's) Auditor. The application referred to in the first count of the information stated the dollar volume for the previous allotment period to be $5,842.50. The testimony of Wirtel's Auditor showed the correct figure to be $2,629.37. The application referred to in the second count stated the dollar volume for the months of September and October,

1945, to be $5,639.50. The testimony of the Auditor was that the actual dollar volume was $2,303.85. A carbon copy of a letter of July 13, 1945, written by the Auditor to St. Louis Restaurant Association, giving the correct dollar volume of sales for May and June, 1945, and a carbon copy of a similar letter, dated November 14, 1945, giving the dollar volume of sales for September and October, 1945, were received in evidence over the objection of the defendant that they were not the best evidence.

The defendant testified in his own behalf. His defense was that the statements in all applications handled by him were in accordance with the information furnished him by the applicants. The real issue in the case was whether the falsity of the statements in the applications referred to in the record was attributable to him or attributable to the applicants themselves. The question of the guilt or innocence of the defendant, under the evidence, was a question of fact for the jury. The court did not err in denying the defendant's motion for a directed verdict of acquittal.

The contention that the carbon copies of letters were not admissible in evidence is without merit. United States v. Manton, 2 Cir., 107 F.2d 834, 845.

The judgment appealed from is affirmed.